**In the Matter of the Petition of Victor I. Englert.**

**On Appeal of Victor I. Englert, Appellant, v. Henry Kors, Appellee.**

**Gen. No. 19,606.     (Not to be reported in full.)**

Appeal from the County Court of Cook county; the Hon. JOHN E. OWENS Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed July 14, 1914. Rehearing denied July 28, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Petition by Victor I. Englert filed in the County Court for his release from arrest and imprisonment under the Insolvent Debtors' Act. The petition alleged that petitioner had been arrested under a writ of *ca. sa.* issued by the clerk of the Circuit Court in favor of Henry Kors for the sum of five thousand dollars, and that he was in the custody of the sheriff by virtue of said writ. On the same day in which the petition was filed a hearing was had in the County Court and the court entered an order of record in which it found that "malice was the gist of the action in which judgment was heretofore rendered against said petitioner," and ordered that Englert be remanded to the custody of the sheriff. To reverse the order, petitioner appeals.

GEORGE REMUS, for appellant.

MORAN & MORAN, for appellee; EUGENE A. MORAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTION, § '295*—*when evidence sufficient to warrant finding malice gist of action.* Evidence *held* sufficient to warrant the County Court in dismissing a petition for a discharge from arrest under a *ca. sa.* and remanding petitioner to the custody of the sheriff on the ground that malice was the gist of the action, where the declaration introduced in evidence showed the defendant was charged by plaintiff with wickedly and wilfully alienating his wife's affections and with causing his wife to abandon him and cohabit with defendant, and the order directing the issuance of the *ca. sa.* introduced in evidence, stated the action was in tort and that the gist of the action was malicious, wicked and wilful.

2. EXECUTION, § 305*—*when petitioner for discharge from arrest under ca. sa. cannot complain of evidence heard on petition.* On appeal from an order of the County Court dismissing a petition for discharge from arrest under a *ca. sa.* and ordering the petitioner to be remanded to the custody of the sheriff, where it appears that the court found that malice was the gist of the action from the declaration and the order directing the issuance of the *ca. sa.,* which were introduced in evidence, *held* that the petitioner could not complain that no copy of the judgment was introduced in evidence, where it did not appear from the bill of exceptions that said copy of order and the declaration were all the evidence introduced before the County Court.